**Fill in this information to identify your case:**

United States Bankruptcy Court for the:

NORTHERN DISTRICT OF ILLINOIS

Case number *(if known)* _____

Chapter you are filing under:
- ■ Chapter 7
- ☐ Chapter 11
- ☐ Chapter 12
- ☐ Chapter 13

☐ Check if this an amended filing

Official Form 101
# Voluntary Petition for Individuals Filing for Bankruptcy   12/17

The bankruptcy forms use you and Debtor 1 to refer to a debtor filing alone. A married couple may file a bankruptcy case together—called a *joint case*—and in joint cases, these forms use you to ask for information from both debtors. For example, if a form asks, "Do you own a car," the answer would be yes if either debtor owns a car. When information is needed about the spouses separately, the form uses *Debtor 1* and *Debtor 2* to distinguish between them. In joint cases, one of the spouses must report information as *Debtor 1* and the other as *Debtor 2*. The same person must be *Debtor 1* in all of the forms.

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

## Part 1:   Identify Yourself

|   | **About Debtor 1:** | **About Debtor 2 (Spouse Only in a Joint Case):** |
|---|---|---|
| **1. Your full name** Write the name that is on your government-issued picture identification (for example, your driver's license or passport). Bring your picture identification to your meeting with the trustee. | **Robert** First name<br><br>**A** Middle name<br><br>**Gibson, III** Last name and Suffix (Sr., Jr., II, III) | First name<br><br>Middle name<br><br>Last name and Suffix (Sr., Jr., II, III) |
| **2. All other names you have used in the last 8 years** Include your married or maiden names. |  |  |
| **3. Only the last 4 digits of your Social Security number or federal Individual Taxpayer Identification number (ITIN)** | **xxx-xx-1519** |  |

Debtor 1    **Robert A Gibson, III**          Case number *(if known)*

|  | **About Debtor 1:** | **About Debtor 2 (Spouse Only in a Joint Case):** |
|---|---|---|
| **4. Any business names and Employer Identification Numbers (EIN) you have used in the last 8 years**<br><br>Include trade names and *doing business as* names | ■ I have not used any business name or EINs.<br><br>_____<br>Business name(s)<br><br>_____<br>EINs | ☐ I have not used any business name or EINs.<br><br>_____<br>Business name(s)<br><br>_____<br>EINs |
| **5. Where you live** | **14422 Peoria Street**<br>**Harvey, IL 60426**<br>Number, Street, City, State & ZIP Code<br><br>**Cook**<br>County<br><br>**If your mailing address is different from the one above, fill it in here.** Note that the court will send any notices to you at this mailing address.<br><br>_____<br>Number, P.O. Box, Street, City, State & ZIP Code | **If Debtor 2 lives at a different address:**<br><br>_____<br>Number, Street, City, State & ZIP Code<br><br>_____<br>County<br><br>**If Debtor 2's mailing address is different from yours, fill it in here.** Note that the court will send any notices to this mailing address.<br><br>_____<br>Number, P.O. Box, Street, City, State & ZIP Code |
| **6. Why you are choosing *this district* to file for bankruptcy** | *Check one:*<br><br>■ Over the last 180 days before filing this petition, I have lived in this district longer than in any other district.<br><br>☐ I have another reason.<br>   Explain. (See 28 U.S.C. § 1408.)<br>_____ | *Check one:*<br><br>☐ Over the last 180 days before filing this petition, I have lived in this district longer than in any other district.<br><br>☐ I have another reason.<br>   Explain. (See 28 U.S.C. § 1408.)<br>_____ |

Official Form 101          **Voluntary Petition for Individuals Filing for Bankruptcy**          page 2

Debtor 1  **Robert A Gibson, III** _____  Case number *(if known)* _____

| **Part 2:** | **Tell the Court About Your Bankruptcy Case** |

**7. The chapter of the Bankruptcy Code you are choosing to file under**

*Check one.* (For a brief description of each, see *Notice Required by 11 U.S.C. § 342(b) for Individuals Filing for Bankruptcy (Form 2010))*. Also, go to the top of page 1 and check the appropriate box.

- ■ Chapter 7
- ☐ Chapter 11
- ☐ Chapter 12
- ☐ Chapter 13

**8. How you will pay the fee**

- ■ **I will pay the entire fee when I file my petition.** Please check with the clerk's office in your local court for more details about how you may pay. Typically, if you are paying the fee yourself, you may pay with cash, cashier's check, or money order. If your attorney is submitting your payment on your behalf, your attorney may pay with a credit card or check with a pre-printed address.
- ☐ **I need to pay the fee in installments.** If you choose this option, sign and attach the *Application for Individuals to Pay The Filing Fee in Installments* (Official Form 103A).
- ☐ **I request that my fee be waived** (You may request this option only if you are filing for Chapter 7. By law, a judge may, but is not required to, waive your fee, and may do so only if your income is less than 150% of the official poverty line that applies to your family size and you are unable to pay the fee in installments). If you choose this option, you must fill out the *Application to Have the Chapter 7 Filing Fee Waived* (Official Form 103B) and file it with your petition.

**9. Have you filed for bankruptcy within the last 8 years?**

- ■ No.
- ☐ Yes.

| District | _____ | When | _____ | Case number | _____ |
| District | _____ | When | _____ | Case number | _____ |
| District | _____ | When | _____ | Case number | _____ |

**10. Are any bankruptcy cases pending or being filed by a spouse who is not filing this case with you, or by a business partner, or by an affiliate?**

- ■ No
- ☐ Yes.

| Debtor | _____ | Relationship to you | _____ |
| District | _____ | When | _____ | Case number, if known | _____ |
| Debtor | _____ | Relationship to you | _____ |
| District | _____ | When | _____ | Case number, if known | _____ |

**11. Do you rent your residence?**

- ☐ No.  Go to line 12.
- ■ Yes.  Has your landlord obtained an eviction judgment against you?
  - ■ No. Go to line 12.
  - ☐ Yes. Fill out *Initial Statement About an Eviction Judgment Against You* (Form 101A) and file it with this bankruptcy petition.

| Part 3: | Report About Any Businesses You Own as a Sole Proprietor |
|---|---|

**12. Are you a sole proprietor of any full- or part-time business?**

A sole proprietorship is a business you operate as an individual, and is not a separate legal entity such as a corporation, partnership, or LLC.

If you have more than one sole proprietorship, use a separate sheet and attach it to this petition.

■ No.    Go to Part 4.

☐ Yes.    Name and location of business

_____
Name of business, if any

_____
Number, Street, City, State & ZIP Code

*Check the appropriate box to describe your business:*
- ☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))
- ☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))
- ☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))
- ☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))
- ☐ None of the above

**13. Are you filing under Chapter 11 of the Bankruptcy Code and are you a *small business debtor*?**

For a definition of *small business debtor*, see 11 U.S.C. § 101(51D).

*If you are filing under Chapter 11, the court must know whether you are a small business debtor so that it can set appropriate deadlines.* If you indicate that you are a small business debtor, you must attach your most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. 1116(1)(B).

■ No.    I am not filing under Chapter 11.

☐ No.    I am filing under Chapter 11, but I am NOT a small business debtor according to the definition in the Bankruptcy Code.

☐ Yes.    I am filing under Chapter 11 and I am a small business debtor according to the definition in the Bankruptcy Code.

| Part 4: | Report if You Own or Have Any Hazardous Property or Any Property That Needs Immediate Attention |
|---|---|

**14. Do you own or have any property that poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety? Or do you own any property that needs immediate attention?**

*For example, do you own perishable goods, or livestock that must be fed, or a building that needs urgent repairs?*

■ No.

☐ Yes.

What is the hazard?    _____

If immediate attention is needed, why is it needed?    _____

Where is the property?    _____

_____
Number, Street, City, State & Zip Code

Debtor 1  **Robert A Gibson, III**    Case number *(if known)*

| Part 5: | Explain Your Efforts to Receive a Briefing About Credit Counseling |

|  | **About Debtor 1:** | **About Debtor 2 (Spouse Only in a Joint Case):** |
|---|---|---|
| **15. Tell the court whether you have received a briefing about credit counseling.**<br><br>The law requires that you receive a briefing about credit counseling before you file for bankruptcy. You must truthfully check one of the following choices.  If you cannot do so, you are not eligible to file.<br><br>If you file anyway, the court can dismiss your case, you will lose whatever filing fee you paid, and your creditors can begin collection activities again. | *You must check one:*<br><br>■ **I received a briefing from an approved credit counseling agency within the 180 days before I filed this bankruptcy petition, and I received a certificate of completion.**<br><br>Attach a copy of the certificate and the payment plan, if any, that you developed with the agency.<br><br>☐ **I received a briefing from an approved credit counseling agency within the 180 days before I filed this bankruptcy petition, but I do not have a certificate of completion.**<br><br>Within 14 days after you file this bankruptcy petition, you MUST file a copy of the certificate and payment plan, if any.<br><br>☐ **I certify that I asked for credit counseling services from an approved agency, but was unable to obtain those services during the 7 days after I made my request, and exigent circumstances merit a 30-day temporary waiver of the requirement.**<br><br>To ask for a 30-day temporary waiver of the requirement, attach a separate sheet explaining what efforts you made to obtain the briefing, why you were unable to obtain it before you filed for bankruptcy, and what exigent circumstances required you to file this case.<br><br>Your case may be dismissed if the court is dissatisfied with your reasons for not receiving a briefing before you filed for bankruptcy.<br>If the court is satisfied with your reasons, you must still receive a briefing within 30 days after you file. You must file a certificate from the approved agency, along with a copy of the payment plan you developed, if any. If you do not do so, your case may be dismissed.<br><br>Any extension of the 30-day deadline is granted only for cause and is limited to a maximum of 15 days.<br><br>☐ **I am not required to receive a briefing about credit counseling because of:**<br><br>☐ **Incapacity.**<br>I have a mental illness or a mental deficiency that makes me incapable of realizing or making rational decisions about finances.<br><br>☐ **Disability.**<br>My physical disability causes me to be unable to participate in a briefing in person, by phone, or through the internet, even after I reasonably tried to do so.<br><br>☐ **Active duty.**<br>I am currently on active military duty in a military combat zone.<br><br>If you believe you are not required to receive a briefing about credit counseling, you must file a motion for waiver credit counseling with the court. | *You must check one:*<br><br>☐ **I received a briefing from an approved credit counseling agency within the 180 days before I filed this bankruptcy petition, and I received a certificate of completion.**<br><br>Attach a copy of the certificate and the payment plan, if any, that you developed with the agency.<br><br>☐ **I received a briefing from an approved credit counseling agency within the 180 days before I filed this bankruptcy petition, but I do not have a certificate of completion.**<br><br>Within 14 days after you file this bankruptcy petition, you MUST file a copy of the certificate and payment plan, if any.<br><br>☐ **I certify that I asked for credit counseling services from an approved agency, but was unable to obtain those services during the 7 days after I made my request, and exigent circumstances merit a 30-day temporary waiver of the requirement.**<br><br>To ask for a 30-day temporary waiver of the requirement, attach a separate sheet explaining what efforts you made to obtain the briefing, why you were unable to obtain it before you filed for bankruptcy, and what exigent circumstances required you to file this case.<br><br>Your case may be dismissed if the court is dissatisfied with your reasons for not receiving a briefing before you filed for bankruptcy.<br><br>If the court is satisfied with your reasons, you must still receive a briefing within 30 days after you file. You must file a certificate from the approved agency, along with a copy of the payment plan you developed, if any. If you do not do so, your case may be dismissed.<br><br>Any extension of the 30-day deadline is granted only for cause and is limited to a maximum of 15 days.<br><br>☐ **I am not required to receive a briefing about credit counseling because of**:<br><br>☐ **Incapacity.**<br>I have a mental illness or a mental deficiency that makes me incapable of realizing or making rational decisions about finances.<br><br>☐ **Disability.**<br>My physical disability causes me to be unable to participate in a briefing in person, by phone, or through the internet, even after I reasonably tried to do so.<br><br>☐ **Active duty.**<br>I am currently on active military duty in a military combat zone.<br><br>If you believe you are not required to receive a briefing about credit counseling, you must file a motion for waiver of credit counseling with the court. |

Debtor 1  **Robert A Gibson, III**                                    Case number *(if known)*

| **Part 6:** | **Answer These Questions for Reporting Purposes** |

**16. What kind of debts do you have?**

16a. **Are your debts primarily consumer debts?** *Consumer debts* are defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family, or household purpose."
☐ No. Go to line 16b.
■ Yes. Go to line 17.

16b. **Are your debts primarily business debts?** *Business debts* are debts that you incurred to obtain money for a business or investment or through the operation of the business or investment.
☐ No. Go to line 16c.
☐ Yes. Go to line 17.

16c. State the type of debts you owe that are not consumer debts or business debts
_____

**17. Are you filing under Chapter 7?**
☐ No. I am not filing under Chapter 7. Go to line 18.

**Do you estimate that after any exempt property is excluded and administrative expenses are paid that funds will be available for distribution to unsecured creditors?**
■ Yes. I am filing under Chapter 7. Do you estimate that after any exempt property is excluded and administrative expenses are paid that funds will be available to distribute to unsecured creditors?
■ No
☐ Yes

**18. How many Creditors do you estimate that you owe?**
■ 1-49
☐ 50-99
☐ 100-199
☐ 200-999
☐ 1,000-5,000
☐ 5001-10,000
☐ 10,001-25,000
☐ 25,001-50,000
☐ 50,001-100,000
☐ More than 100,000

**19. How much do you estimate your assets to be worth?**
■ $0 - $50,000
☐ $50,001 - $100,000
☐ $100,001 - $500,000
☐ $500,001 - $1 million
☐ $1,000,001 - $10 million
☐ $10,000,001 - $50 million
☐ $50,000,001 - $100 million
☐ $100,000,001 - $500 million
☐ $500,000,001 - $1 billion
☐ $1,000,000,001 - $10 billion
☐ $10,000,000,001 - $50 billion
☐ More than $50 billion

**20. How much do you estimate your liabilities to be?**
■ $0 - $50,000
☐ $50,001 - $100,000
☐ $100,001 - $500,000
☐ $500,001 - $1 million
☐ $1,000,001 - $10 million
☐ $10,000,001 - $50 million
☐ $50,000,001 - $100 million
☐ $100,000,001 - $500 million
☐ $500,000,001 - $1 billion
☐ $1,000,000,001 - $10 billion
☐ $10,000,000,001 - $50 billion
☐ More than $50 billion

| **Part 7:** | **Sign Below** |

**For you**

I have examined this petition, and I declare under penalty of perjury that the information provided is true and correct.

If I have chosen to file under Chapter 7, I am aware that I may proceed, if eligible, under Chapter 7, 11,12, or 13 of title 11, United States Code. I understand the relief available under each chapter, and I choose to proceed under Chapter 7.

If no attorney represents me and I did not pay or agree to pay someone who is not an attorney to help me fill out this document, I have obtained and read the notice required by 11 U.S.C. § 342(b).

I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I understand making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $250,000, or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**/s/ Robert A Gibson, III**
_____         _____
**Robert A Gibson, III**                                                                Signature of Debtor 2
Signature of Debtor 1

Executed on  **July 27, 2018**                                                Executed on  _____
                    MM / DD / YYYY                                                                      MM / DD / YYYY

Debtor 1  **Robert A Gibson, III**                                                                       Case number *(if known)*

| | |
|---|---|
| **For your attorney, if you are represented by one** | I, the attorney for the debtor(s) named in this petition, declare that I have informed the debtor(s) about eligibility to proceed under Chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each chapter for which the person is eligible. I also certify that I have delivered to the debtor(s) the notice required by 11 U.S.C. § 342(b) and, in a case in which § 707(b)(4)(D) applies, certify that I have no knowledge after an inquiry that the information in the schedules filed with the petition is incorrect. |
| **If you are not represented by an attorney, you do not need to file this page.** | |

**/s/ Kevin D. Rouse ARDC**                          Date    **July 27, 2018**
Signature of Attorney for Debtor                              MM / DD / YYYY

**Kevin D. Rouse ARDC #6284394**
Printed name

**Ledford, Wu & Borges, LLC**
Firm name

**105 W. Madison**
**23rd Floor**
**Chicago, IL 60602**
Number, Street, City, State & ZIP Code

Contact phone  **312-853-0200**                      Email address  **notice@billbusters.com**

**#6284394 IL**
Bar number & State

---

Official Form 101                **Voluntary Petition for Individuals Filing for Bankruptcy**                page 7

B2030 (Form 2030) (12/15)

# United States Bankruptcy Court
## Northern District of Illinois

In re **Robert A Gibson, III**  
Debtor(s)

Case No. _____  
Chapter **7**

## DISCLOSURE OF COMPENSATION OF ATTORNEY FOR DEBTOR(S)

1. Pursuant to 11 U.S.C. § 329(a) and Fed. Bankr. P. 2016(b), I certify that I am the attorney for the above named debtor(s) and that compensation paid to me within one year before the filing of the petition in bankruptcy, or agreed to be paid to me, for services rendered or to be rendered on behalf of the debtor(s) in contemplation of or in connection with the bankruptcy case is as follows:

   For legal services, I have agreed to accept                           $ **0.00**
   Prior to the filing of this statement I have received                 $ **0.00**
   Balance Due                                                           $ **0.00**

2. $ **335.00** of the filing fee has been paid.

3. The source of the compensation paid to me was:

   ■ Debtor       ☐ Other (specify):

4. The source of compensation to be paid to me is:

   ■ Debtor       ☐ Other (specify):

5. ■ I have not agreed to share the above-disclosed compensation with any other person unless they are members and associates of my law firm.

   ☐ I have agreed to share the above-disclosed compensation with a person or persons who are not members or associates of my law firm. A copy of the agreement, together with a list of the names of the people sharing in the compensation is attached.

6. In return for the above-disclosed fee, I have agreed to render legal service for all aspects of the bankruptcy case, including:

   a. Analysis of the debtor's financial situation, and rendering advice to the debtor in determining whether to file a petition in bankruptcy;
   b. Preparation and filing of any petition, schedules, statement of affairs and plan which may be required;
   c. Representation of the debtor at the meeting of creditors and confirmation hearing, and any adjourned hearings thereof;
   d. [Other provisions as needed]
      **Attorney's representation of debtor is conditioned on debtor entering into an agreement after the filing of the case to pay Attorney for services rendered after filing of the case. Should debtor fail to enter into such an agreement, the court may allow Attorney to withdraw from representation of debtor on motion of attorney.**

7. By agreement with the debtor(s), the above-disclosed fee does not include the following service:
   **Representation of the debtor in any dischargeability actions or any other adversary proceeding; conversion from one chapter to another; reopening of a closed case; judicial lien avoidance; amending a petition, list, schedule or statement post-filing not due to Attorney's fault; and attending additional creditors' meetings due to debtor's failure to attend the meeting without a good reason and prior notice.**

### CERTIFICATION

I certify that the foregoing is a complete statement of any agreement or arrangement for payment to me for representation of the debtor(s) in this bankruptcy proceeding.

**July 27, 2018**  
*Date*

**/s/ Kevin D. Rouse ARDC**  
**Kevin D. Rouse ARDC #6284394**  
*Signature of Attorney*  
**Ledford, Wu & Borges, LLC**  
**105 W. Madison**  
**23rd Floor**  
**Chicago, IL 60602**  
**312-853-0200  Fax: 312-873-4693**  
**notice@billbusters.com**  
*Name of law firm*

**LEDFORD, WU & BORGES, LLC**
105 W. Madison, 23rd Floor, Chicago, IL 60602
(312) 853-0200 Fax: (312) 873-4693

**ATTORNEY RETENTION CONTRACT**

FOR OFFICE USE (7)
Client No. _74141_
Responsible attorney: _XWJJ_

1. **Parties.** In this contract, "Client" means the undersigned, both individually and jointly; "Attorney" means the law firm of Ledford, Wu & Borges, LLC, and its staff attorneys. This contract shall supersede any prior contracts and agreements between the parties to the extent of any inconsistencies.

2. **Services and Fees:** Client retains Attorney for the following services:
☐ Chapter 7: (Split Fee): Client retains Attorney to counsel and represent Client for all purposes in the bankruptcy case, subject to exceptions in section 3. However, Attorney's representation of Client is conditioned on Client entering into an agreement after the filing of the case to pay Attorney for services rendered after the filing of the case. Should Client fail to enter into such an agreement, the court may allow Attorney to withdraw from representation of Client on motion of Attorney.
Pre-filing Legal Fees $ _1000__ Pre-filing Expenses $ _60__ Filing Fee $335.00/Installments: Total Pre-Filing $ _1395__
_JL_ It is anticipated that Client will enter into a post-filing agreement with Attorney for representation through bankruptcy discharge. Client acknowledges that there is no obligation to enter into such an agreement and that any anticipated fees are not agreed to at this time.
Anticipated Post-Filing Fees & Expenses (A separate post-filing contract is required): $ _700__
☐ Chapter 7 (Complete fee): $_____ PLUS $335 filing fee (court cost): Total Pre-Filing $_____
Payments: Total Due Pre-filing: $ _1395__ less retainer received: $ _1160__ Balance Due to File: $ _$235_

The legal fee is an ☒ advance payment retainer ☐ security retainer ☐ classic retainer, and is a flat fee unless otherwise stated. Attorney is unable to represent Client with a classic or security retainer, as that would be within the reach of Client's creditors. Should hourly billing be necessary, Attorney's billing rates are $350-$400/hour for partners, $300/hour for associates, and $90/hour for law clerks. The filing fee, expenses and billing rates subject to change at any time.

The legal fee covers the initial consultation and all subsequent work agreed to above. All fees above are to be paid in full before filing. The case may be closed if the fees are not paid timely. Additional legal fees and court costs may apply, and a separate contract may be required, in the event of conversion from one chapter to another, amending required documents, attending additional creditors' meetings, reopening of a closed case, unnecessary work caused by Client's delay, or any other fact not known to Attorney in writing at the time of the initial consultation that complicates the case. NSF checks will be assessed a $30 fee.

3. **Scope of Representation:**
(a) Attorney will counsel and represent Client in all aspects of the above matter as elected in Paragraph 2 EXCEPT: (1) adversary proceedings; (2) § 722 redemption; (3) judicial lien avoidance; (4) post-discharge litigation; (5) appeals; (6) other _____
(b) Attorney may agree, but is not obligated, to represent Client in the above excluded matters for an additional fee, to be agreed upon separately by the parties with a separate retention agreement.

4. **Initial Consultation.** Client acknowledges that Attorney has explained the following (please initial):
____ _JL_ The options of Chapter 7 and Chapter 13 and that Client has made the choice identified in Paragraph 2
____ _JL_ The concepts of exemption, discharge and dischargeability, and pre-filing and post-filing procedures
____ _JL_ The difference among various types of retainer and that Client has made the choice identified in Paragraph 4
____ _JL_ *TIME IS OF THE ESSENCE. Any delay on Client's part may disqualify Client for the type of relief elected or otherwise adversely affect Client's case. Attorney may not be able to file the case, or take other necessary actions, until all requested documents and/or information, including but not limited to a certificate of credit counseling, are received by Attorney*

Client understands that the advice given during the initial consultation is preliminary and based on the information available at the time and may change as the case is further analyzed, more facts discovered, or Client's circumstances or the law changed.

5. **Client's Duties.** Client agrees, during the course of representation, to:
(a) provide Attorney with full, accurate and timely information, financial and otherwise;
(b) follow Attorney's procedures and cooperate with Attorney in providing requested documents;
(c) promptly inform Attorney of any change of address, phone number, e-mail address or employment, or activation of military duty;
(d) inform Attorney before buying, selling, refinancing or transferring any real or personal property in which Client has an interest, and before incurring any debt, including but not limited to applying for any loan, credit card or line of credit, or using an existing credit card; and
(e) promptly inform Attorney if Client becomes entitled to an inheritance, an asset as a result of a property settlement agreement with Client's spouse or a divorce decree, life insurance proceeds, or a monetary judgment, award or settlement.

6. **Co-counsel.** Client understands that more than one attorney may work on this case. Where necessary, Client agrees to employ one or more of the following outside counsel, at Attorney's expense, to work on this case: Kathleen W. Vaught, Kelly M. Johnson, Wayne J. Skelton, Christina Banyon, David Hall Carter, Derek Lofgren and/or _____.

7. **Termination.** Client may discharge Attorney at any time, subject to payment of any fee owed for the services already rendered. Attorney may terminate the representation as permitted by the Illinois Rules of Professional Conduct and Local Bankruptcy Rules. Any flat fee for a bankruptcy case is advance payment for future services, becomes Attorney's property upon receipt, and is nonrefundable upon filing of the petition. In the event the representation is terminated by either party before filing and Client has paid Attorney more than $300, Attorney will provide Client with a detailed itemization of the services rendered in support of any fee charged at the rate set forth in Paragraph 2, Client will reimburse Attorney for any expenses, including those that otherwise would be free of charge, and Client authorizes Attorney to apply the filing fee and any payment for expenses that have not been incurred towards the attorney's fee, subject to the requirements set forth herein.

X _[signature]_  X _[signature]_  Date: _7/17/18_
Attorney signature: _[signature]_  ARDC # _6284394_

Copyright © 2017 Ledford, Wu & Borges, LLC

## BILLBUSTERS
### Ledford, Wu and Borges, LLC
Attorneys at Law

105 W. Madison, 23rd Floor, Chicago, IL 60602
(312)853-0200   Fax: (312)873-4693

# CONSULTATION AGREEMENT



### *THIS AGREEMENT IS REQUIRED BY FEDERAL LAW (11 U.S.C. § 528(a))*

1. **Parties:** In this contract, "Client" means the undersigned, both individually and jointly; "Attorney" means the law firm of Ledford, Wu & Borges, LLC and its staff attorneys.

2. **Purpose:** Client has requested the opportunity to consult with and obtain information and advice from Attorney concerning options for relief from debts, which may include filing bankruptcy. This agreement is for purposes of that consultation only.

3. **Client's Duties:** In order for Attorney to give meaningful advice, Client agrees to give accurate, honest, full and fair disclosure of financial information concerning income over the past three years from all sources, monthly living expenses, the type and amount of all debts (including names and addresses of all creditors), all assets and property owned by the client, wherever located and by whomever held, and any additional information determined by Attorney to be relevant.

4. **Services:** The attorney agrees to provide Client with the following services:

    a. analyzing Client's financial circumstances based on information provided by Client;
    b. to the extent possible, advising Client of bankruptcy options and non-bankruptcy options based on the information provided by Client;
    c. if Client has not provided Attorney with sufficient information upon which to fully advise Client on Client's options, informing Client what additional information Client needs to provide in order to enable Attorney to provide such advice and information;
    d. where applicable, advising Client of the requirements placed upon Client to file a bankruptcy; and
    e. to the extent possible, quoting a fee for providing bankruptcy and/or nonbankruptcy assistance to Client

5. **Fees** (check one):

    √ A consultation fee will be waived if Client decides not to retain Attorney, in which case the attorney-client relationship shall terminate at the conclusion of the interview

    ___ Client agrees to pay $_____ in nonrefundable consultation fee

In the event Client decides to retain Attorney, this consultation becomes billable and is covered by the legal fee charged for the case, and a new written contract, as well as a Court-Approved Retention Agreement if applicable, must be signed by Client and Attorney, which shall supersede this agreement. The new agreement(s) will also provide a detailed explanation of the parties' obligations and a breakdown of the costs.

6. **Acknowledgement:** Client acknowledges that the first date upon which Attorney provided any bankruptcy assistance to Client is the date noted above, and that Attorney provided Client with a copy of this agreement and the disclosure and information mandated by Section 527(b) of the Bankruptcy Code.

X ___[signature]___   X _____   Date: 7/17/18

Attorney Signature: ___[signature]___ ARDC #: 6284394

Copyright © 2015  Ledford, Wu & Borges, LLC

Robert A Gibson, III
14422 Peoria Street
Harvey, IL 60426


Kevin D. Rouse ARDC
Ledford, Wu & Borges, LLC
105 W. Madison
23rd Floor
Chicago, IL 60602


Ad Astra Recovery
7330 W 33rd Street N
Ste 118
Wichita, KS 67205


Advocate Health and Hospitals
2025 Windsor Drive
Oak Brook, IL 60523


American Family
6000 American Parkway
Madison, WI 53783


Bank of America
1701 River Oaks Drive
Calumet City, IL 60409


Chase Bank
370 E. 162nd Street
South Holland, IL 60473


First Premier Bank
601 S Minnesota Ave
Sioux Falls, SD 57104


Great Lakes Higher Edu Corp
Attn: Bankruptcy
Po Box 7860
Madison, WI 53707


I C System Inc
444 Highway 96 East
P.O. Box 64378
St. Paul, MN 55164

```
Illinois Child Support
Mail Response Unit
Po Box 19405
Springfield, IL 62794


Illinois Tollway
Attn: Violation Administration Cent
2700 Ogden Avenue
Downers Grove, IL 60515-1703


Ingalls Hospital
PO BOX 75608
Attn: Bankruptcy Dept.
Chicago, IL 60675


INGALLS HOSPITAL
ONE INGALLS DRIVE
HARVEY, IL 60426


Ingalls Memorial
P.O. Box 2090
Morrisville, NC 27560


Kahuna Payment Solut
Attn: Bankruptcy Department
2714 Mcgraw Dr.
Bloomington, IL 61704


Keis George
One LaSalle #2046
2017 M1 010855
Chicago, IL 60602


OneMain Financial
Attn: Bankruptcy
601 Nw 2nd Street
Evansville, IN 47708


PLS
16909 Torrence Avenue
Lansing, IL 60438


Progressive Leasing
256 Data Drive
Draper, UT 84020
```

```
South Suburban Hospital
Advocate South Sub. Hosp.
22091 Network Place
Chicago, IL 60673


Speedy Cash
848 E Sibley Blvd
Dolton, IL 60419


State of Illinois
Attn: Collections Unit
325 West Adams Street
Springfield, IL 62704-1858


State of Illinois
c/o Illinois Attorney General
100 W. Randolph St., 13th Floor
Chicago, IL 60602


State of Illinois Dep't of Revenue
ICS Payment Department of Revenue
PO Box 19043
Springfield, IL 62794


TCF Bank
17830 Halsted Street
Homewood, IL 60430


Tempoe Financial
1750 Elm Street
Suite 1200
Manchester, NH 03104


US Bank
101 Dixie Hwy
Chicago Heights, IL 60411
```